FILED
SUPERIOR COURT
OF GUAM

2019 OCT 15 PM 4:33

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **CRIMINAL CASE NO.: CM0431-17** |
| vs. | |
| **DAVID J. SABLAN,**<br>DOB: 11/06/1953 | **DECISION AND ORDER**<br><br>**Defendant Sablan's Motion to Dismiss**<br>**Charge Four based on *ex post facto* grounds** |
| **CECILE B. SUDA,**<br>DOB: 09/22/1957 | |
| **ROSIE BLAS,**<br>DOB: 07/02/1962 | **CRIMINAL CASE NO.: CM0431-17-03** |
| **ROLAND SELVIDGE,**<br>DOB: 08/04/1949 | |
| **MICHAEL J. DUENAS,**<br>DOB: 04/30/1954 | |
| **JOHN ILAO,**<br>DOB: 02/16/1967 | **CRIMINAL CASE NO.: CM0431-17-01** |
| **DEANNE TORRE,**<br>DOB: 04/07/1970 | **CRIMINAL CASE NO.: CM0431-17-02** |
| **DEFENDANTS.** | |

CM0431-17 People v. David J. Sablan *et al.*
CM0431-17-01 People v. John Ilao
CM0431-17-02 People v. Deanne Torre
DECISION AND ORDER

Page 1 of 4

ORIGINAL

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on Defendant David J. Sablan's ("Sablan") Motion to Dismiss. Deputy Attorney General Basil O'Mallan appeared on behalf of the People of Guam ("the People"). Attorney Samuel S. Teker represents Defendant David J. Sablan. Attorney Curtis C. Van de veld represents Defendant Cecile B. Suda. Attorney Michael F. Phillips represents Defendant Rosie Blas ("Blas"). Assistant Public Defender William Bischoff represents Defendant Roland Selvidge. Attorney John C. Terlaje represents Defendant Michael J. Duenas ("Duenas") who pleaded guilty in this matter on February 12, 2018. Attorney Joseph C. Razzano represents Defendant John Ilao in CM0431-17-01. Attorney Joaquin C. Arriola Jr. represents Defendant Deanne Torre in CM0431-17-02.

On October 10, 2019, Sablan filed his Motion to Dismiss, seeking to dismiss Charge Four based upon a violation of the prohibition against *ex post facto* laws. On October 11, 2019, the People filed a non-opposition. Upon review of the written arguments and legal authorities presented by the Parties, the Court issues the following Decision and Order **GRANTING** Sablan's Motion to Dismiss.

## BACKGROUND

The People filed the Complaint in this matter in the Superior Court of Guam on July 24, 2017, alleging forty-seven (47) separate crimes which include: direct violations of the Guam Open Government Law ("OGL"), official misconduct, and conspiracy to violate the OGL and commit official misconduct. The charges are related to three separate events that allegedly occurred during the period between December 2011 and July 2015. The alleged events occurred when the various Defendants served as Commissioners of the Guam Housing and Urban Development Authority ("GHURA") Board of Commissioners.

CM0431-17 People v. David J. Sablan *et al.*
CM0431-17-01 People v. John Ilao
CM0431-17-02 People v. Deanne Torre
DECISION AND ORDER

ORIGINAL

## DISCUSSION

The United States Constitution provides that no state shall pass an *ex post facto* law. U.S. Const. Art. I, § 10. The Bill of Rights of the Organic Act also forbids the enactment of *ex post facto* laws. 48 U.S.C.A. § 1421b. The *ex post facto* prohibition forbids the States from enacting any law which imposes a punishment for an act which was not punishable at the time it was committed. *Weaver v. Graham*, 450 U.S. 24, 28 (1981).

Charge Four of the Magistrate's Complaint alleges that Sablan violated the requirement of the OGL that governing Boards shall provide electronic copies of the monthly Board and Commission meeting agendas, approved minutes, and other attachments and addendums as discussed in each monthly meeting, to *I Maha'lahen Guahan* and the Speaker of *I Liheslatura Guahan* no later than fifteen (15) days after the end of said meeting and post the same on the website of the agency, public corporation, or department to which it governs and the requirement that the audio recording of each meeting shall be provided to the Office of Public Accountability within seven (7) calendar days after the meeting. The Magistrate's Complaint states that such conduct occurred in or around December 2011 to January 2012.

Charge Four is based upon a violation provided by 5 GCA § 8113.1, which was added to the OGL by Public Law 31-233, Section 38, which was enacted on September 7, 2012. Because Section 8113.1 did not exist until after the time of the alleged conduct, the prosecution of this charge would violate the prohibition against *ex post facto* laws contained in the U.S. Constitution and the Organic Act.

CM0431-17 People v. David J. Sablan *et al.*
CM0431-17-01 People v. John Ilao
CM0431-17-02 People v. Deanne Torre
DECISION AND ORDER

ORIGINAL

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, Sablan's Motion to Dismiss on *ex post facto* grounds is hereby **GRANTED**. Charge Four is hereby dismissed with prejudice.

SO ORDERED 10/14/19.

Original Signed by:
HON. ANITA A. SUKOLA

The Honorable Anita A. Sukola
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

AG;S.Tabor, VanDeVeld, PDSC; J.Terlaje, J.Walsh, Date:10/15/19 Time: 4:35

@

Deputy Clerk, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

J.Arriola, Jacqueline Terlaje Date:10/15/19 Time: 4:35

@

Deputy Clerk, Superior Court of Guam

CM0431-17 People v. David J. Sablan *et al.*
CM0431-17-01 People v. John Ilao
CM0431-17-02 People v. Deanne Torre
DECISION AND ORDER

ORIGINAL